The subsequent decisions of the court are all in line with Graham v. Henry, among which may be cited Ogden & Johnson v. Bosse, 86 Tex. 344, 24 S. W. 798; League v. State of Texas, 93 Tex. 559, 57 S. W. 34; Pope v. Kansas City, M. & O. Ry. Co. of Texas, 109 Tex. 322, 207 S. W. 514.

Various questions were raised in the Court of Civil Appeals such as those attacking fact findings and questioning admission of evidence, of which the jurisdiction of that court is final. These questions have not been considered in the Court of Civil Appeals.

It is ordered, without the necessity of granting the writ of error and hearing the case, that the judgment of the Court of Civil Appeals be reversed, and that the cause be remanded to that court for further proceedings in accordance with this opinion.

## ÆTNA CASUALTY & SURETY CO. v. RUSSELL et al.

### Motion No. 9027; 1150–5448.

Commission of Appeals of Texas, Section B.
Dec. 20, 1930.

For former opinion, see 24 S.W.(2d) 385.
See, also, 14 S.W.(2d) 78.

SHORT, P. J.

The defendant in error's motion for a rehearing calls our attention to the fact that in the second sentence of the opinion, 24 S.W. (2d) 385, there is the mistake in using quotation marks purporting to copy the exact language in the contract, whereas we were only giving a statement of the contract. The quotation marks should not have been used at the place where they were, but should have commenced with the word "payment" in the last part of the statement and ending with the word "contract," this being the only part of the language used which purported to copy the exact wording of the contract.

There is another typographical error in the opinion not mentioned in the motion, whereas it is stated that, "in this connection the plaintiff in error testified," whereas it should have read, "the defendant in error testified." This error is apparent from the reading of the context, and it is not a material one, but should be corrected.

We have given careful attention to the motion of the defendant in error for rehearing and recommend that it be overruled.